

AP&S ADLER POLLOCK & SHEEHAN P.C.

100 Westminster Street, 16th Floor
Providence, RI 02903
Telephone 401.274.7200
Fax 401.751.0604 / 351.4607

**apslaw.com**

February 13, 2025

**VIA CM/ECF**

Ms. Anastasia Dubrovsky
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:    *Conti v. Citizens Bank, N.A., et al.*, No. 22-1770 (1st Cir.)

Dear Ms. Dubrovsky,

    Appellee Citizens Bank, N.A. submits this letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure.

    At oral argument, Appellant's counsel advised the Court of two recent district court decisions that applied the analytical framework for analyzing whether the National Bank Act preempts state laws articulated by *Cantero v. Bank of America, N. A.*, 602 U.S. 205 (2024).  The first decision is *In re Capital One 360 Savings Account Interest Rate Litigation*, No. 24MD3111, 2024 WL 4753821 (E.D. Va. Nov. 12, 2024).  The second decision is *Illinois Bankers Association v. Raoul*, No. 24 C 7307, 2024 WL 5186840 (N.D. Ill. Dec. 20, 2024).

    To Citizens' knowledge, these are the only two published decisions by federal courts applying the *Cantero* preemption analysis and methodology.  Each case supports the analytical framework that Citizens advanced in pages 21 through

Providence | Newport | Boston | Manchester, NH



Page 2

46 of its brief and at oral argument.  Both courts conducted the "practical assessment of the nature and degree of the interference caused by a state law" required by *Cantero* by examining to the text and structure of the laws and comparing the laws' impact on national bank powers through a nuanced comparative analysis to other precedent and the application of common sense. Neither court required the bank to make an evidentiary showing in support of preemption or based its preemption analysis on a factual record.  Significantly, the Northern District of Illinois conducted its preemption analysis in the course of deciding a pre-enforcement claim for injunctive relief and had access to evidence, which it utilized to decide a standing issue, but not the preemption issue.

These cases are relevant because they directly refute Appellant's arguments that: (1) this Court should remand the case for factual development; and (2) interference with bank power must be determined by analyzing the practical effects the state law has on a bank's operations.

For the Court's convenience, copies of these cases are enclosed.


Very truly yours,

Geoffrey W. Millsom


cc:    All Counsel of Record (via CM/ECF)


Enclosures